# EXHIBIT A

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV20936769 | D1 CM | 42465080 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

FREDERICK MEANS **PLAINTIFF**
vs
CUSTOM PRODUCTS CORPORATION **DEFENDANT**

CUSTOM PRODUCTS CORPORATION
7100 COCHRAN ROAD
GLENWILLOW OH 44139

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:

**Plantiff's Attorney**

DENNIS R FOGARTY
29010 CHARDON ROAD
WILLOUGHBY HILLS, OH 44092-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

HOLLIE L GALLAGHER
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

By  _____
Deputy

DATE SENT
Sep 2, 2020

COMPLAINT FILED  09/02/2020





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed: COMPLAINT
September 2, 2020 12:26

By: DENNIS R. FOGARTY 0055563

Confirmation Nbr. 2064076

FREDERICK MEANS                                        CV 20 936769

   vs.
                                               **Judge:**  HOLLIE L. GALLAGHER

CUSTOM PRODUCTS CORPORATION

**Pages Filed:**  9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| FREDERICK MEANS<br>817 Northfield Road<br>Bedford, OH 44146 | )<br>)<br>)<br>) | CASE NO. |
| Plaintiff | )<br>) | JUDGE |
| v. | )<br>)<br>) | |
| CUSTOM PRODUCTS CORPORATION<br>7100 Cochran Road<br>Glenwillow, OH 44139 | )<br>)<br>) | **COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |
| Defendant | )<br>)<br>) | |

Now comes Plaintiff Frederick Means ("Plaintiff"), by and through counsel, and for his Complaint against Defendant Custom Products Corporation ("Defendant"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual residing in Bedford, Ohio, Cuyahoga County.

2. Defendant is a corporation organized under the laws of the State of Ohio with its principal place of business in Glenwillow, Ohio, Cuyahoga County, Ohio.

3. Pursuant to Civ. R. 3, venue is proper in Cuyahoga County, Ohio as this is the place where Defendant has its principal place of business, and the activities giving rise to the allegations in this Complaint occurred, in part, in Cuyahoga County, Ohio.

4. This Court has personal jurisdiction over this matter as the Defendant is domiciled in Ohio and the amount in controversy exceeds $25,000.00.

5. This action is brought pursuant to the Americans With Disabilities Act of 1990, 42 U.S. Code §12101, Ohio Civil Rights Act R.C. 4112 *et seq.*, the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* and Title VII of the Civil Rights Act.

6. Defendant is an employer as that term is defined in the OCRC, the ADA, the FMLA and Title VII.

7. Plaintiff is an employee as the term is defined in the OCRA, the ADA, the FMLA and Title VII.

8. Plaintiff began working for Defendant on or around May 2016.

9. Plaintiff was employed by Defendant as a maintenance technician.

10. Plaintiff is African American

11. Plaintiff is over forty and a member of a protected class.

12. Plaintiff was competent is his position performing all the normal functions of his position and trained other maintenance technicians.

13. In 2017, Plaintiff sustained an on the job injury to his back at L4-L5. This injury resulted in neurological deficit *aka* drop foot.

14. After the injury, Plaintiff requested intermittent FMLA to attend treatment and to be absent during flare-ups.

15. As a result of the neurological impairment, Plaintiff's neurosurgeon prepared the FMLA document "Certificate of Health Care Provider for Employees Serious Health Condition." This form was faxed once a year to Defendant.

16. Plaintiff's neurologist sent the last Certification to Defendant on February 8, 2020. The certification set forth the following:

    a. Dates in which Plaintiff received treatment

      b.      Plaintiff will need treatment at least twice per year.

      c.      Plaintiff's condition will cause episodic flare-ups periodically that will prevent the employee from performing job functions.

      d.      It will be medically necessary for Plaintiff to be absent from work during the flare-ups

17.      Plaintiff used his PTO and sick time for use in taking his intermittent FMLA.

18.      On or around April 8, 2020, Plaintiff experienced a flare-up and could not move. As a result, around 5:00 am, called into Defendant's call-off line and called off.

19.      From January 1, 2020 through April 8, 2020, Plaintiff had used PTO and his sick time for all of intermittent FMLA which included 46.00 hours (5 days and 6 hours) of his vacation time and 24.00 hours (3) of his sick time.

20.      James and Michael were also maintenance technicians.

21.      Plaintiff trained both James and Michael.

22.      Both James and Michael are Caucasian.

23.      Both James and Michael are significantly younger than Plaintiff and not part of a protected class.

24.      After calling off on April 8, 2020, he received a telephone call around 1:30 p.m. from Defendant's Human Resources Department advising him they were restructuring the company and advised him that he was being terminated.

25.      Neither James nor Michael were terminated.

26.      Both James and Michael had been employed by Defendant less than a year when Plaintiff was terminated.

27.     Defendant presented Plaintiff with a separation and release agreement wherein it unlawfully attempted to have Plaintiff waive his rights to further Worker's Compensation benefits.

28.     Plaintiff's employment was unlawfully terminated as a result of his race, age, disability/medical condition and/or as a result of taking intermittent FMLA due to his disability/medical condition

## COUNT I:  VIOLATION OF AMERICANS WITH DISABILITIES ACT

29.     Plaintiff restates and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

30.     Plaintiff is a "qualified individual" within the meaning of 42 U.S. Code § 12111(8) with respect to his work for Defendant, as he would have been capable of performing the essential functions of the positions he held and desired to hold with Defendant with or without reasonable accommodation.

31.     Plaintiff's injury to his back constituted a major physical/neurological impairment that substantially limited his ability to walk and work during flare-ups which are major life activities.  Thus, Plaintiff's injury constituted a disability within the meaning of 42 U.S.C. § 12101 *et seq.*

32.     Defendant engaged in unlawful discrimination against Plaintiff within the meaning of 42 U.S.C.A. § 12112 by terminating Plaintiff based on his disability.

33.     Plaintiff has suffered, is suffering, and will continue to suffer injury and monetary damage, emotional distress and other damages in excess of $25,000 as a result of Defendant's discriminatory practices.

## COUNT II: UNLAWFUL DISCRIMINATION BASED ON DISABILITY UNDER OHIO CIVIL RIGHTS ACT

34. Plaintiff restates and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

35. Plaintiff's back injury and drop foot renders him an individual with a disability as that term is defined in R.C. § 4112.01(A)(13).

36. On April 8, 2020, Defendant terminated Plaintiff without just cause because of his disability in violation of R.C. § 4112.02(A).

37. Defendant discriminated against Plaintiff in the terms, conditions, and privileges of his employment because of his disability in violation of R.C. § 4112.02(A).

38. As a direct result of the foregoing, Plaintiff sustained and continues to sustain lost wages, lost employment opportunities, lost benefits and other monies and compensation, and other damages in an amount in excess of $25,000.

## COUNT III: RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT

39. Plaintiff restates and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

40. The time Plaintiff took off from work as a result of his back injury/neurological impairment qualified as an FMLA leave of absence in accordance with 29 USC 2612.

41. Defendant's conduct of terminating Plaintiff after taking FMLA leave violates the FMLA and constitutes retaliation.

42. Plaintiff has suffered, is suffering, and will continue to suffer injury and monetary damages as a result of Defendant's discriminatory practices.

43. As a direct result of the foregoing, Plaintiff sustained and continues to sustain lost wages, lost employment opportunities, lost benefits and other monies and compensation, as well as incurring attorney fees and costs to protect his rights, all to his damage.

## COUNT IV:  RACE DISCRIMINATION

44. Plaintiff restates and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

45. Throughout his employment with Defendant, Plaintiff was fully competent to perform his essential job duties as a maintenance technician.

46. Defendant treated Plaintiff differently than other similarly situated, non-African American employees based on his African American race.

47. Pursuant to Ohio Revised Code 4112 *et seq.*, it is an unlawful discriminatory practice to "discharge without just cause, to refuse to hire, or otherwise to discriminate against [an employee] with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment" based on an employee's race.

48. Defendant violated Ohio Revised Code 4112 *et seq.* by discriminating against Plaintiff due to his race, African American.

49. As a direct and proximate cause of Defendant' unlawful conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to economic damages, emotional pain and suffering, and other losses in an amount exceeding $25,000.

50. Defendant' conduct was intentional, malicious, willful, and in complete and conscious disregard for Plaintiff's legal rights entitling Plaintiff to punitive damages.

## COUNT V:  WRONGFUL TERMINATION BASED ON RACE DISCRIMINATION

51. Plaintiff restates and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

52. On April 8, 2020, Defendant terminated Plaintiff without cause.

53. Defendant violated Ohio Revised Coded 4112 *et seq* by terminating Plaintiff based on his race.

54. Defendant treated Plaintiff differently than other similarly situated, non-African American employees based on his African American race.

55. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to economic damages, emotional pain and suffering, and other losses in an amount exceeding $25,000.

56. Defendant's conduct was intentional, malicious, willful, and in complete and conscious disregard for Plaintiff's legal rights entitling Plaintiff to punitive damages.

## COUNT VI:  AGE DISCRIMINATION

57. Plaintiff restates and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

58. Plaintiff is over the age of 40 and therefore a member of a protected class.

59. Plaintiff was terminated in violation of Ohio Revised Code 4112 *et seq*.

60. Plaintiff was very qualified for his position as a maintenance technician.

61. Plaintiff successfully performed the duties and responsibilities of his position.

62. Defendant did not terminate two Caucasian men who were significantly younger and less qualified than Plaintiff.

63. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to economic damages, emotional pain and suffering, and other losses in an amount exceeding $25,000.

64. Defendant's conduct was intentional, malicious, willful, and in complete and conscious disregard for Plaintiff's legal rights entitling Plaintiff to punitive damages.

### COUNT VII:  EMOTIONAL DISTRESS

65. Plaintiff restates and realleges the foregoing allegations and incorporates them by reference as if fully set forth herein.

66. Based on the extreme and outrageous conduct of the Defendant as detailed above and based on the physical injuries suffered by Plaintiff while in the employ of the Defendant, Plaintiff suffered extreme emotional distress, anxiety and depression.

67. As a result of this condition, Plaintiff has in the past and continues to receive regular treatment for such emotional condition caused at the hands of the Defendant's behavior.  Based on the foregoing, Plaintiff has suffered and will continue to suffer from emotional distress as a result of these events for which he is entitled to compensation.

WHEREFORE, Plaintiff requests the following relief be awarded in his favor and against Defendant:

    a. Damages in excess of $25,000, the full amount of which will be proven at trial, including back pay, front pay, benefits, overtime compensation.

    b. Damages including non-economic damages as a result of the extreme and outrageous conduct of the Defendant directly and proximately causing emotional distress and other injuries for which evidence will be produced at trial;

    c. Court costs, expenses, and reasonable attorney fees.

Electronically Filed 09/02/2020 12:26 / / CV 20 936769 / Confirmation Nbr. 2064076 / CLCR1

  d.  Punitive Damages

  e.  Liquidated damages pursuant to the FMLA; and

  d.  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to the Ohio Rules of Civil Procedure, Plaintiff demands a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

              Respectfully submitted,

              */s/Dennis R. Fogarty*
              DENNIS R. FOGARTY (0055563)
              **DAVIS & YOUNG**
              29010 Chardon Road
              Willoughby Hills, OH 44092
              Ph:  (216) 348-1700
              Fax:  (216) 621-0602
              E-mail: dfogarty@davisyoung.com
              ***Attorney for Plaintiff***